# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PROGRESSIVE NORTHERN INSURANCE COMPANY,

        Plaintiff,

vs.

RICARDO PENA-GUZMAN,

        Defendant.

Case No.: 2:17-cv-02803-GMN-PAL

**ORDER**

On March 16, 2019, the Court issued an Order to Show Cause requiring Plaintiff Progressive Northern Insurance Company ("Progressive") to show that the Court has diversity jurisdiction over this action. (Minute Order, ECF No. 17). Specifically, the Court required Progressive to show that the amount in controversy exceeds the jurisdictional requirement of $75,000.00. (*Id.*). Plaintiff filed its Response on March 26, 2019. (Resp., ECF No. 20). For the reasons stated herein, the Court finds that the amount in controversy is not met, and therefore the Court dismisses the case without prejudice.

**I.**      <u>**BACKGROUND**</u>

This action concerns Progressive's request for a declaration regarding its rights and obligations towards Defendant Ricardo Pena-Guzman ("Guzman") under the parties' automobile policy. (Compl, ECF No. 1). The policy at issue has liability limits of $15,000.00 per person and $30,000.00 per accident. (*Id.* ¶ 8). On or about August 19, 2016, Guzman informed Progressive that he had been involved in an automobile accident. (*Id.* ¶ 10). Progressive initiated an investigation but alleges that Guzman failed to cooperate. (*Id.* ¶ 16). At the conclusion of the investigation, Progressive determined that the accident was staged, and therefore Guzman's claim was fraudulent. (*Id.* ¶ 20). Based on Guzman's conduct, Progressive

alleges that Guzman violated his general duties under the agreement and the "Fraud or Misrepresentation" clause. (*Id.* ¶ 19–22). Progressive therefore requests a declaration that it "owes no coverage under the policy" and "is not obligated to defend any person or entity in connection with any subsequent lawsuit arising from the accident." (*See id.* 8:1–11). Alternatively, Progressive requests a declaration that it owes only the statutorily required minimum of $15,000.00 per person and $30,000.00 per accident. (*Id.*).

## II. <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008). District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno–Morillo,* 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

## III. <u>DISCUSSION</u>

In the Order to Show Cause, the Court cited *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018), which states that when a policy's validity is at issue, the policy limit constitutes the amount in controversy. The parties' policy in this case has liability limits of $15,000.00 per person and $30,000.00 per accident. Under *Elhouty*, Progressive's claim therefore falls short of the federally mandated amount in controversy.

In its Response, Progressive attempts to distinguish this case from *Elhouty* by arguing that it is not seeking to invalidate the policy altogether but rather only seeks a declaration "on whether or not there is a duty to defend and indemnify its insured Guzman against a potential underlying tort action . . .." (Resp. 3:24–4:2, ECF No. 21). By tethering its requested declaration to the specific underlying accident and not the policy in general, Progressive argues that the amount in controversy equals "the value of the potential underlying tort actions." (*Id.* 4:2–3). According to Progressive, the amount in controversy is therefore comprised of: (1) the $30,000.00 bodily injury limit; (2) the $10,000.00 property damage limit; and (3) reasonable attorney's fees, which Progressive estimates at over $45,000.00. (*Id.* 6:5–12).[1]

In support of this position, Progressive cites *Budget Rent-A-Car, Inc. v. Higashiguchi*, in which the Ninth Circuit stated "[b]ecause the applicability of [] liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action." 109 F.3d 1471, 1473 (9th Cir. 1997). In quoting this rule, however, Progressive ignores the preceeding sentence clarifying that the policy limits control the amount in controversy if "the validity of the entire insurance policy is at issue, *or if the value of the underlying tort claims exceeds the liability ceiling*." *Id.* (emphasis added).

Based on the Complaint, the Court is not convinced that Progressive's declaratory relief claim is limited to the underlying accident and not the policy as a whole. Notably, Progressive's requested relief contains broad language, such as "Progressive owes no coverage under the policy." Furthermore, the entire basis for Progressive's claim is that Guzman

---

[1] "[F]or a court to consider attorneys' fees in its calculation of the amount in controversy, the defendant must provide factual support for its argument that such fees should be considered." *Bellas v. State Farm Mut. Auto. Ins. Co.*, No. 2:13-CV-02290-GMN, 2015 WL 751082, at *3 (D. Nev. Feb. 20, 2015). Here, as best the Court can discern, Progressive's attorney fees are based on the mere speculation that a lawsuit might be filed, rather than an actual "underlying tort action." These fees are therefore not "in controversy" as contemplated by the jurisdictional statute, and Progressive cites no authority to support the inclusion of such speculative attorney's fees.

violated the express terms of the contract and therefore is not entitled to coverage.  Regardless, the Court does not need to decide the scope of Progressive's requested declaratory relief to resolve the present jurisdictional inquiry.  By Progressive's own admission, the value of the underlying tort claim exceeds the liability ceiling.  Therefore, the policy limit controls the amount in controversy. *See Higashiguchi*, 109 F.3d at 1473; *State Farm Mut. Auto. Ins. Co. v. Garcia*, No. 2:13–CV–02099–GMN, 2014 WL 3421641, at *2 (D. Nev. July 9, 2014).  The Court dismisses this action without prejudice for failure to satisfy the amount in controversy.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of Court is instructed to close the case.

**DATED** this __26__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge